```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF TEXAS
                    DALLAS DIVISION

BERRY STEPHENS,                  §
                                 §
               Plaintiff,        §
                                 § Civil Action No. 3:08-CV-0939-D
VS.                              §
                                 §
FEDERAL HOME LOAN MORTGAGE       §
CORPORATION, et al.,             §
                                 §
               Defendants.       §
```

MEMORANDUM OPINION
AND ORDER

Defendants move for summary judgment dismissing plaintiff's[1] action arising out of defendants' efforts to foreclose the lien on a residence located in Richardson, Texas (the "Property"). They also request Fed. R. Civ. P. 11 sanctions. Plaintiff has not responded to the motion. For the reasons that follow, the court grants summary judgment in favor of defendants and dismisses this action with prejudice by judgment filed today. The court denies the request for Rule 11 sanctions.

I

In March 2008 plaintiff Berry Stephens ("Stephens") filed a *pro se* lawsuit in Texas state court against defendants Federal Home Loan Mortgage Corporation ("FHLMC") and Bank of America ("BOA"). *See Stephens v. Fed. Home Loan Mortgage Corp.*, No. 08-03262-A (14th Dist. Ct., Dallas County, Tex.) ("State Court Suit"). In the State

---

[1]In the *pro se* complaint, plaintiff is referred to variously as "plaintiff" and "plaintiffs." The court will refer to him in the singular.

Court Suit, Stephens sought damages and injunctive relief based on defendants' alleged "fail[ure] to provide to [him] the remedies that [they] [were] statutorily and contractually obligated to provide to [him] prior to engaging into foreclosure proceedings against [him]." D. App. 3-4. Essentially, Stephens alleged that the defendants had not given him loss mitigation options and an opportunity to cure, in violation of certain unspecified federal statutes and the Deed of Trust.

In June 2008, while the State Court Suit was pending, Stephens filed the instant lawsuit, alleging claims against FHLMC and BOA for breach of contract and violations of 12 U.S.C. §§ 1709, 1715 and 24 C.F.R. § 203.600. As in the State Court Suit, Stephens' allegations relate to the foreclosure proceedings brought against the Property, including loss mitigation options. Stephens avers that defendants "failed to acknowledge all consumer rights as afforded by Act, 12 U.S.C. §§ 1709 and 1715," and "failed to review [his] situation or offer [him] any of the Federal Regulation X (24 C.F.R. Part 203.600) five strategies based on [his] financial circumstances and the status of the loan," and thereby "violated all procedural requirements of the Loss Mitigation Program as dictated by 24 CFR 203.600." Compl. 5.

Later in June 2008, defendants moved for summary judgment in the State Court Suit. In September 2008 the state court granted the motion and dismissed the State Court Suit. Stephens filed a

motion for a new trial, which the state court denied in November 2008.  Stephens did not appeal.

Defendants filed the instant motion for summary judgment on April 22, 2009, arguing, *inter alia,* that Stephens' claims are barred by the *Rooker-Feldman* Doctrine and that he has failed to adduce any evidence to support a cognizable claim under the statutes and regulations on which he relies.[2]  Defendants also seek attorneys' fees and costs under Rule 11.  Stephens' response was due no later than May 12, 2009.  *See* N.D. Tex. Civ. R. 7.1(e) ("A response and brief to an opposed motion must be filed within 20 days from the date the motion is filed.").  Stephens has not responded to the motion, and it is now ripe for decision.

II

Because the *Rooker-Feldman* doctrine affects whether the court has subject matter jurisdiction in this case, the court must first consider defendants' contention that *Rooker-Feldman* deprives the court of subject matter jurisdiction.

The *Rooker-Feldman* doctrine "precludes a United States district court from exercising subject-matter jurisdiction in an action" where "the losing party in state court filed suit in

---

[2]Defendants also move for summary judgment based on the preclusion doctrines of res judicata and collateral estoppel. Because the court is granting summary judgment on other grounds, it need not address these contentions.  Moreover, if the *Rooker-Feldman* doctrine did not relate to the court's subject matter jurisdiction, the court could grant summary judgment on the merits for the reasons explained *infra* at § III.

federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005). The rationale underlying *Rooker-Feldman* is that the district court lacks jurisdiction to hear an appeal of a state case. *See id.* at 284-85. The Supreme Court is the only federal court with "appellate authority 'to reverse or modify' a state-court judgment." *Id.* at 284 (quoting *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416 (1923)).

Where the federal case was filed *before* the state proceedings ended, the existence of the state case does not strip the federal court of subject matter jurisdiction. *See id.* at 292 ("[N]either *Rooker* nor *Feldman* supports the notion that properly invoked concurrent jurisdiction vanishes if a state court reaches judgment on the same or related question while the case remains *sub judice* in a federal court."). Rather, if the state adjudication finishes before the federal adjudication, then preclusion principles, which are not jurisdictional, govern. *See id.* at 293.

Because Stephens filed this instant action before the State Court Suit concluded—indeed even before defendants filed their motion for summary judgment in the State Court Suit—the *Rooker-Feldman* doctrine is inapplicable. If the final judgment in the

State Court Suit invokes anything, it invokes preclusion principles, which are not jurisdictional.[3]

### III

Because defendants do not have the burden at trial on Stephens' causes of action, they can meet their summary judgment obligation by pointing the court to the absence of evidence to support the claims. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). In their motion, defendants have pointed to the absence of evidence supporting each of Stephens' claims. Because defendants have done so, Stephens must go beyond his pleadings and designate specific facts showing that there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The nonmovant's failure to produce proof as to any essential element renders all other facts immaterial. *Trugreen Landcare, L.L.C. v. Scott,* 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.). Summary judgment is mandatory where the nonmoving party fails to meet this burden. *Little,* 37 F.3d at 1076.

---

[3] As noted, *see supra* note 2, the court need not reach these principles because defendants are entitled to summary judgment on another ground.

Stephens has not responded to defendants' motion. His failure to respond does not, of course, permit the court to enter a "default" summary judgment. The court is permitted, however, to accept defendants' evidence as undisputed. *Tutton v. Garland Indep. Sch. Dist.*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990) (Fitzwater, J.). Moreover, Stephens' failure to respond means that he has not designated specific facts showing that there is a genuine issue for trial on any of his claims. "A summary judgment nonmovant who does not respond to the motion is relegated to [his] unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)).

Because defendants have pointed to the absence of evidence to support essential elements of each of Stephens' claims, and Stephens has not adduced evidence that raises a genuine issue of material fact on any claim, defendants are entitled to summary judgment in their favor on all of Stephens' claims.

IV

In the last several pages of their brief, defendants request that the court award them attorney's fees and costs under Rule 11. Because defendants have not complied with the required procedure of Rule 11(c)(2) ("A motion for sanctions must be made separately from any other motion[.]"), the court denies the request.

* * *

Defendants' April 22, 2009 motion for summary judgment is granted, and this action is dismissed with prejudice by judgment filed today. Defendants' request for Rule 11 sanctions is denied.

**SO ORDERED.**

July 6, 2009.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE